


FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2012 APR 23  P 4: 03

CLERK'S OFFICE
BY_____

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*
*Northern Division*

Rod J. Rosenstein
United States Attorney

Gregory R. Bockin
Assistant United States Attorney

36 South Charles Street
Fourth Floor
Baltimore, Maryland 21201

DIRECT: 410-209-4900
MAIN: 410-209-4800
FAX: 410-962-3091
TTY/TDD: 410-962-4462
Gregory.Bockin@usdoj.gov

February 6, 2012

Caroline Ciraolo, Esq.
Rosenberg | Martin | Greenberg, LLP
25 South Charles Street, Suite 2115
Baltimore, Maryland 21201

Re: United States v. Randy Benjamin Wells, Sr.
    Criminal No. JKB – 12 –074

Dear Ms. Ciraolo:

This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"), subject to Tax Division approval. If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by January 13, 2012, it will be deemed withdrawn. The terms of the agreement are as follows:

## Offense of Conviction

1.      The Defendant agrees to plead guilty to count one of an Information charging him with evasion of his federal individual income taxes for the year 2005, in violation of 26 U.S.C. § 7201. The Defendant admits that he is, in fact, guilty of this offense and will so advise the Court.

1

### Elements of the Offense

2. The elements of the offense of evasion, to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

   a. That the defendant committed an affirmative act constituting an attempt to evade or defeat a tax or the payment thereof;

   b. That the defendant had a material amount of tax due and owing; and

   c. That the defendant acted willfully.

### Penalties

3. The maximum sentence provided by statute for the offense to which the Defendant is pleading guilty is as follows: five years of incarceration and/or a $250,000 fine plus three years supervised release. In addition, the Defendant must pay $100 as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing. This Court may also order him to make restitution pursuant to 18 U.S.C. §§ 3663(a)(3) and 3664.[1] If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise. The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates any of the conditions of his supervised release, his supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

### Waiver of Rights

4. The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

   a. If the Defendant had not entered into this agreement, he would have had the right to have the Grand Jury consider the charges against him. He would have had the right to enter a plea of "not guilty" to any indictment returned by the Grand Jury. He would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

---

[1] Pursuant to 18 U.S.C. § 3612, if the Court imposes a fine in excess of $2,500 that remains unpaid 15 days after it is imposed, the Defendant shall be charged interest on that fine, unless the Court modifies the interest payment in accordance with 18 U.S.C. § 3612(f)(3).

8028489.1

b. If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

c. If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

d. The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

e. If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

f. By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

g. If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

h. By pleading guilty, Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigrant status. The Defendant recognizes that if he is not a citizen of the United States, pleading guilty may have consequences with respect to his immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including his attorney or the Court, can predict with certainty the effect of a conviction on immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any potential immigration consequences.

8028489.1

### Advisory Sentencing Guidelines Apply

5. The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

### Factual and Advisory Guidelines Stipulation

6. This Office and the Defendant understand, agree and stipulate to the Statement of Facts set forth in Attachment A hereto which this Office would prove beyond a reasonable doubt, and to the following applicable sentencing guidelines factors:

Count One - Tax Evasion

> U.S.S.G. §2T1.1(a)(1) - offense level corresponds to the level from the tax table (§2T4.1) corresponding to the tax loss; tax loss (including relevant conduct) of more than $400,000 but less than $1,000,000 is level 20.

This Office does not oppose a 2 level reduction in the Defendant's adjusted offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(B) for an additional 1 level decrease in recognition of the Defendant's timely notification of his intention to plead guilty. This Office may oppose *any* adjustment for acceptance of responsibility if the Defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office, or the United States Probation Office; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty. With a 3 level reduction for acceptance of responsibility, the **final adjusted offense level is 17.**

7. The Defendant understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter his offense level if he is a career offender or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income.

8.      This Office and the Defendant agree that with respect to the calculation of the advisory guidelines range, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines will be raised or are in dispute.

## Obligations of the United States Attorney's Office

9.      At the time of sentencing, this Office will recommend a sentence within the guideline range, restitution and no fine.

10.     The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct.

## Restitution

11.     Pursuant to the Victim and Witness Protection Act, 18 U.S.C. § 3663(a)(3), the Defendant agrees to make restitution to the Internal Revenue Service (hereinafter "IRS") in the amount of $423,992.75 plus the interest that will have accrued on that amount as measured from the date that each tax liability constituting that amount initially became due to the IRS up to and including the date of sentencing and less any payments referenced herein and any additional payments received by, or credits granted by the Internal Revenue Service by the date of sentencing, including the trust fund payments referenced in paragraph 15(a) of this agreement. The parties agree to submit a detailed breakdown of the restitution order – by taxpayer, tax period, type of tax, and amount of tax - prior to sentencing.

12.     The Defendant acknowledges and agrees that the amounts referred to in paragraph 11 of this agreement are negotiated amounts for plea purposes only, and do not legally bind or foreclose separate civil or administrative claims by the IRS of this offense. The parties agree that this agreement, and any payment under this agreement, will not constitute a settlement, waiver, or release by the IRS of any civil or administrative rights or remedies it may have against the Defendant.

13.     If the Court orders the Defendant to pay restitution to the IRS for the failure to pay tax, either directly as part of the sentence or as a condition of supervised release, the IRS will use the restitution order as the basis for a civil assessment. *See* 26 U.S.C. § 6201(a)(4). The Defendant does not have the right to challenge the amount of this assessment. *See* 26 U.S.C. § 6201(a)(4)(C). Neither the existence of a restitution payment schedule nor the defendant's timely

payment of restitution according to that schedule will preclude the IRS from administrative collection of the restitution-based assessment, including levy and distraint under 26 U.S.C. § 6331.

### Cooperation with the IRS

14. The Defendant understands that this agreement does not resolve any civil tax liability that he may have, and that this agreement is with the United States Attorney's Office, not with the IRS. The IRS is not a party to this agreement and remains free to pursue any and all lawful remedies it may have.

15. The Defendant agrees to cooperate fully with the IRS in the determination of his tax liability and the tax liability of any business that he has owned and controlled for the years 2005 through 2009. As part of such cooperation, the Defendant agrees:

    a. To pay $74,404.30 in trust fund taxes owed by Triple R Contractors, Inc. to the IRS on or before the day of his sentencing.

    b. That nothing in this Agreement forecloses or limits the ability of the IRS to examine and make adjustments to the Defendant's returns after they are filed;

    c. That the Defendant is liable for the civil fraud penalty imposed by the Internal Revenue Code, Title 26, United States Code, Section 6651(f) for the years 2005 through 2009; and

    d. That the Defendant agrees to allow the contents of any criminal file pertaining to his conduct maintained by the Office of the U.S. Attorney or the Criminal Investigation Division of the IRS to be given to civil attorneys, agents, and support staff of the IRS to enable them to investigate any and all civil taxes and penalties that may be due and owing by the Defendant and/or any entity formed or controlled by the Defendant. To the extent necessary to effect this disclosure, the Defendant waives any rights he may have pursuant to Title 26, United States Code, Section 7213, and Federal Rule of Criminal Procedure 6(e), and 26 U.S.C. § 6103(h)(4).

### Waiver of Appeal

16. In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

    a. The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction;

8028489.1

b.      The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), <u>except</u> as follows: (i) the Defendant reserves the right to appeal any term of imprisonment to the extent that it exceeds the advisory guideline range determined by the Court; (ii) and this Office reserves the right to appeal any term of imprisonment to the extent that it is below the advisory guideline range determined by the Court.

c.      Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

d.      The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

<u>Obstruction or Other Violations of Law</u>

17.     The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. § 3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, or (iii) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

### Court Not a Party

18. The Defendant expressly understands that the Court is not a party to this agreement. In the federal system, the sentence to be imposed is within the sole discretion of the Court. In particular, the Defendant understands that neither the United States Probation Office nor the Court is bound by the stipulation set forth above, and that the Court will, with the aid of the Presentence Report, determine the facts relevant to sentencing. The Defendant understands that the Court cannot rely exclusively upon the stipulation in ascertaining the factors relevant to the determination of sentence. Rather, in determining the factual basis for the sentence, the Court will consider the stipulation, together with the results of the presentence investigation, and any other relevant information. The Defendant understands that the Court is under no obligation to accept this Office's recommendations, and the Court has the power to impose a sentence up to and including the statutory maximum stated above. The Defendant understands that if the Court ascertains factors different from those contained in the stipulation set forth above, or if the Court should impose any sentence up to the maximum established by statute, the Defendant cannot, for that reason alone, withdraw his guilty plea, and will remain bound to fulfill all of his obligations under this agreement. The Defendant understands that neither the prosecutor, his counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

### Entire Agreement

19. This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By: _____
Gregory R. Bockin
Assistant United States Attorney

I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

2/9/12
Date

_____
Randy Benjamin Wells, Sr.

I am Mr. Wells' attorney. I have carefully reviewed every part of this agreement, including the Sealed Supplement, with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

2/9/12
Date

_____
Caroline D. Ciraolo

8028489.1

## ATTACHMENT A: Factual Stipulation —
## Randy Benjamin Wells, Sr.

*The parties hereby stipulate and agree that had this matter gone to trial, the government would have proven the following facts through competent evidence beyond a reasonable doubt. The parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter gone to trial.*

From the year 2005 through and including the year 2009, Randy Benjamin Wells, Sr. (hereinafter "**WELLS**"), age 49, of Reisterstown, Maryland owned and operated the following contracting and demolition companies: Wells Contracting and Demolition Company, Inc., Triple R Contractors, Inc., and Gryphon Contracting, Inc.

### Individual Income Taxes

From in or about 2005 through in or about 2009, in the District of Maryland and elsewhere, **WELLS** willfully attempted to evade and defeat a large part of the income tax due and owing by him to the United States of America for the calendar years 2005 through 2009. **WELLS** admits that he received taxable income and owed income tax thereon to the United States of America as follows:

| Year | Taxable Income | Tax Due and Owing |
|---|---|---|
| 2005 | $237,360.00 | $79,189.00 |
| 2006 | $187,247.00 | $61,446.00 |
| 2007 | $35,512.00 | $9,252.00 |
| 2008 | $114,954.00 | $40,490.00 |
| 2009 | $81,216.00 | $5,823.00 |
| TOTAL | $656,289.00 | $196,200.00 |

The parties agree that these calculations of taxable income and tax due and owing apply to the criminal proceedings, including the calculation of restitution. Above and beyond the restitution amount (which the defendant cannot contest if assessed by the IRS pursuant to 26 U.S.C. § 6201(a)(4)), the defendant is not barred from contesting his civil tax liabilities in civil proceedings.

**WELLS** engaged a return preparer to prepare U.S. Individual Income Tax Returns (Forms 1040) in his name for the years 2005 through 2009. The return preparer prepared the returns for **WELLS** and delivered them to **WELLS**. However, **WELLS** failed to file an income tax return with the IRS on or

8028489.1

before the filing deadline for the years between and including 2005 and 2009, as required by law, and failed to pay to the IRS the income tax due and owing for those years.

Knowing and believing the foregoing facts, from on or about May 31, 2005 through on or about December 29, 2005, in the District of Maryland and elsewhere, **WELLS** willfully attempted to evade and defeat the income tax due and owing by him to the United States of America for the calendar year **2005** by purchasing personal items, such as airline tickets for personal travel and various retail items from major department stores, using funds held in an account at Bank of America ending in #5932 held under the name of Wells Contracting and Demolition Company, Inc.

Knowing and believing the foregoing facts, from on or about January 17, 2006 through on or about December 19, 2006, in the District of Maryland and elsewhere, **WELLS** willfully attempted to evade and defeat the income tax due and owing by him to the United States of America for the calendar year 2006 by purchasing personal items, such as airline tickets for personal travel and various retail items from major department stores, using funds held in an account at Bank of America ending in #5932 held under the name of Wells Contracting and Demolition Company, Inc.

Knowing and believing the foregoing facts, from on or about January 24, 2007 through on or about December 31, 2007, in the District of Maryland and elsewhere, **WELLS** willfully attempted to evade and defeat the income tax due and owing by him to the United States of America for the calendar year 2007 by (1) purchasing personal items, such as subscriptions to Direct TV and Netflix, using funds held in an account at Bank of America ending in #5932 held under the name of Wells Contracting and Demolition Company, Inc., and (2) cashing checks written out to Wells Contracting and Demolition Company, Inc. at a check cashing facility.

Knowing and believing the foregoing facts, from on or about January 2, 2008 through on or about December 4, 2008, in the District of Maryland and elsewhere, **WELLS** willfully attempted to evade and defeat the income tax due and owing by him to the United States of America for the calendar year **2008** by (1) purchasing personal items, such as airline tickets for personal travel and various retail items at major department stores, using funds held in an account at Bank of America ending in #5932 held under the name of Wells Contracting and Demolition Company, Inc., and (2) cashing checks written out to Wells Contracting and Demolition Company, Inc. at a check cashing facility.

Knowing and believing the foregoing facts, from on or about January 27, 2009 through on or about December 28, 2009, in the District of Maryland and elsewhere, **WELLS** willfully attempted to evade and defeat the income tax due and owing by him to the United States of America for the calendar year **2009** by (1) purchasing personal items, such as golf course fees and hotel visits during personal travel, using funds held in an account at Bank of America ending in #5932 held under the name of Wells Contracting and Demolition Company, Inc.; (2) purchasing personal items, such as tickets for personal travel, using funds held in an account at PNC Bank ending in #6461 held under the name of Gryphon Contracting, Inc.; (3) cashing checks written out to Wells Contracting and Demolition Company, Inc. at a check cashing facility; and (4) causing a nominee to open a bank account ending in #7514 in the nominee's own name at PNC Bank, endorsing checks made out to Gryphon Contracting, Inc. over the

8028489.1

nominee, causing the nominee to deposit the checks into bank account #7514, and causing the nominee to purchase items for **WELLS'** personal benefit using funds held in bank account #7514.

For the limited purposes of the criminal proceedings, including the calculation of restitution, the tax loss to the United States resulting from the evasion of **WELLS'** U.S. Individual Income Taxes for the tax years 2005 through 2009 is $196,200.00.

### Employment Taxes for Triple R Contractors, Inc. and Gryphon Contracting, Inc.

Between 2005 and 2009, the contracting and demolition companies owned and controlled by **WELLS**, specifically Wells Contracting and Demolition Company, Inc., Triple R Contractors, Inc., and Gryphon Contracting, Inc., engaged and paid employees during all quarters. **WELLS** was responsible for withholding federal income taxes and Federal Insurance Contributions Act taxes from wages paid to those employees between 2005 and 2009. During those same years, he was further responsible for accounting for those withheld taxes as well as the employer portion of the Federal Insurance Contributions Act taxes (hereinafter collectively "employment taxes") on Employer's Quarterly Federal Tax Returns (Forms 941). During those same years, he was further responsible for paying over the employment taxes to the IRS.

**WELLS** engaged a return preparer to prepare Forms 941 for Triple R Contractors, Inc. for the 2nd, 3rd, and 4th quarters of 2005, all of the quarters in 2006, and the first and second quarters of 2007. He also engaged a return preparer to prepare Forms 941 for Gryphon Contracting, Inc. for the 3rd and 4th quarters of 2009. The return preparer prepared the Forms 941 and provided them to **WELLS. WELLS** failed to file the prepared Forms 941 with the IRS and failed to file Forms 941 with the IRS for the remaining quarters (e.g., the quarters for which he did not have a Form 941 prepared) in the years 2005 through 2009.

From on or about April 30, 2005 through on or about January 31, 2010, in the District of Maryland, **WELLS** willfully attempted to evade and defeat a large part of the federal income taxes withheld from wages and Federal Insurance Contributions Act taxes due and owing to the United States of America by the contracting and demolition companies owned and controlled by **WELLS**, including Wells Contracting and Demolition Company, Inc., Triple R Contractors, Inc., and Gryphon Contracting, Inc., for all quarters in the calendar years 2005 through 2009, by failing to file Forms 941 for all quarters, and by (1) paying subcontractors with cash; (2) forming Triple R Contractors, Inc. to evade employment taxes owed by Wells Contracting and Demolition Company, Inc.; and (3) forming Gryphon Contracting, Inc. to evade employment taxes owed by Triple R Contractors, Inc. and Wells Contracting and Demolition Company, Inc.

For the limited purposes of the criminal proceedings, including the calculation of restitution, the tax loss to the United States resulting from **WELLS'** evasion of employment taxes owed by his contracting and demolition company for the years 2005 through 2009 totals $227,792.76.

I have read this statement of facts, and carefully reviewed it with my attorney. I acknowledge that it is true and correct.

2/9/12
Date

Randy Benjamin Wells, Sr.

I am the attorney for Randy Benjamin Wells, Sr. I have carefully reviewed the statement of facts with him.

2/9/12
Date

Caroline D. Ciraolo

13

8028489.1